# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TERRI E. BAKER, et al.,**

    **Plaintiffs,**

    v.

**BLUE VALLEY SCHOOL DISTRICT USD 229, et al.,**

    **Defendants.**

Case No. 2:21-cv-02210-HLT-TJJ

## MEMORANDUM AND ORDER

Plaintiffs, a group of parents and children, originally filed this case in state court. The claims are primarily based on a recently enacted Kansas law known as Senate Bill 40 ("SB40"), which provides for expedited review—both administratively and judicially—of school district COVID-19 policies. There are 24 named defendants that fall into four categories: the Olathe School District, the Blue Valley School District, Johnson County, and the Tenth Judicial District. The state-court petition asserts ten counts, including privacy claims, SB40 claims, religious-freedom claims, Equal Protection claims, and Kansas open-records claims.

All Plaintiffs' claims were combined in a petition seeking relief under SB40, which has given this case a unique procedural posture. SB40 expedites procedures for hearing administrative and judicial challenges to various COVID-19 policies, including a requirement for a hearing by a court within 72 hours after a petition is filed. Plaintiffs filed their petition in state court on May 3. On May 5, Blue Valley Defendants filed a motion to dismiss. *See* Doc. 10. On May 6, Blue Valley Defendants and Olathe Defendants removed the case to federal court. Doc. 1. The basis for removal was that this Court has federal-question jurisdiction over the claims asserted under the United

States Constitution and supplemental jurisdiction over all state claims under 28 U.S.C. § 1367. *Id.* at 4-5. Plaintiffs promptly moved to remand based on waiver. Doc. 5.

In response to these events, and given the claims raised in the petition, the Court issued an order that expedited briefing on the motion to remand, requested supplemental briefing regarding the application of the *Burfurd* abstention doctrine, if any, to this case and on whether the Court has and should exercise supplemental jurisdiction over the state claims. Defendants responded to Plaintiffs' motion to remand, Docs. 13, 14, and Plaintiffs replied, Doc. 17. Both sides have also filed supplemental briefing. Docs. 18, 19. On June 1, Plaintiffs and Blue Valley Defendants filed additional supplemental briefs. Docs. 25, 26. These briefs center on the expiration of Blue Valley's COVID-19 policy. The Court has considered the briefs and pleadings and is now ready to rule.

**I.    MOTION TO REMAND**

Immediately after this case was removed, Plaintiffs moved to remand based on waiver. Doc. 5. This was because Blue Valley Defendants filed a motion to dismiss in state court, Doc. 10, before they removed the case, Doc. 1.[1] Plaintiffs contend that Blue Valley Defendants waived their right to remove by filing a motion to dismiss, which manifested a clear and unequivocal intent to submit to the state court's jurisdiction. Doc. 5 at 1 (citing *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017)).[2]

In *City of Albuquerque*, the Tenth Circuit fashioned a "bright-line rule" that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque*,

---

[1]   The motion to dismiss was filed in state court. It was later re-docketed in federal court after removal, which is why is has a higher docket entry.

[2]   Plaintiffs do not allege any other defects in the removal.

864 F.3d at 1099. But the court included an exception to avoid "unfair results." *Id.* The Tenth Circuit indicated that it "will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation." *Id.* In deciding whether to apply this exception, courts "look for potential harm to defendants." *Id.* As the Tenth Circuit framed the question, "upon remand, would a defendant lose its opportunity to file a motion to dismiss because it failed to comply with a state's procedural rule?" *Id.*

In this case, the Court finds this exception applies given the highly unusual procedure set forth by SB40. SB40 requires that a hearing be held within 72 <u>hours</u> on any claim brought under that law, and a court must issue a ruling within seven days after that hearing or else a plaintiff is entitled to the requested relief. *See* Doc. 1-2 at 253. Under this procedure, Blue Valley Defendants had very little time <u>at all</u> to assert any defenses. If they removed the case first and delayed filing a motion to dismiss, they may have found the time to take any defensive action had passed—because of SB40's ten-day default provision—had the case later been remanded. *See City of Albuquerque*, 864 F.3d at 1099; *see also Propane Res. Supply & Mktg., L.L.C. v. G.J. Creel & Sons, Inc.*, 2013 WL 1446784, at *3 (D. Kan. 2013) (finding no waiver where state-court "pleadings simply serve[d] the effect of preserving the status quo of the action, preventing the plaintiff from taking a default judgment"). Plaintiffs acknowledge as much, contending that Defendants "took a risk in removal" despite SB40's "10 day self-executing drop dead date." Doc. 17 at 8-10; *see also* Doc. 18 at 4 ("Now, by SB40's own self-executing terms, the plaintiffs win on the SB40 claims.").[3]

---

[3] In the section of Plaintiffs' brief regarding supplemental jurisdiction, Plaintiffs argue they are entitled to judgment on their SB40 claims in part because "defendants put sand in the machinery [by removing] and placed themselves in SB40's harm's way" but took "no action to protect their interest while the SB40 clock remained ticking irrespective of the state or federal forum it found itself in." Doc. 18 at 4. This is counter to Plaintiffs' argument in favor of remand, which is that Blue Valley Defendants waived their right to removal precisely because they filed a motion to dismiss. Further, to the extent Plaintiffs complain about any delay caused by removal, the Court notes that it was Plaintiffs' pleading choices that made this case removable in the first place.

This would seem to be precisely the type of "unfair results" the exception in *City of Albuquerque* was designed to avoid. *City of Albuquerque*, 864 F.3d at 1099 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-47 (11th Cir. 2004)).

In *Yusefzadeh*, state procedural law required defendants to file motions to dismiss within 20 days of service, while the time for removal was 30 days. 365 F.3d at 1246. The Tenth Circuit noted that this created a "quandary" for a defendant who might timely remove "only to find itself back in state court where the time to file a motion to dismiss had run." *City of Albuquerque*, 864 F.3d at 1099. As explained above, the quandary for Defendants in this case is heightened—they run the risk of losing altogether by default. The Court will not find waiver given the highly unusual procedural circumstances of this case.[4] Waiver must be "clear and unequivocal." *Id.* at 1098. Under the facts of this case, the Court does not interpret the actions of Blue Valley Defendants as manifesting an intent to submit to the state court's jurisdiction. They were simply racing the clock to put their defenses on the table.

Plaintiffs argue that Blue Valley Defendants had no right to file a motion to dismiss because SB40 does not contemplate motions. Even if this is true, it ignores the possibility that a defendant—as Blue Valley Defendants did in their motion to dismiss—may contend that SB40 doesn't even apply in the first place. *See* Doc. 14 at 2-3 (explaining arguments made in motion to dismiss). Under Plaintiffs' interpretation, anyone could sue under SB40, whether or not it applies, and any defendant would be forced into the rapid SB40 timeline to a decision on the merits without any chance to first argue that SB40 does not even apply. Such an interpretation would be the type of "unfair results" that the Tenth Circuit cautioned against. *City of Albuquerque*, 864 F.3d at 1099.

---

[4] Although the Court does not find any waiver of the right to remove given the procedural anomalies of SB40, the Court does not reach the issue of whether Plaintiffs are in fact entitled to default judgment under SB40.

4

Beyond that, Defendants point to Johnson County District Court Administrative Order No. 21-01, which sets forth procedures for actions under SB40. That order requires actual notice to a defendant within 24 hours of a petition under SB40, and then grants a defendant "not more than 24 hours to file and serve a verified response to the petition." Doc. 13-1 at 1. To the extent Plaintiffs contend no responsive pleading is required under SB40, a responsive pleading was required under the state court's local order. Plaintiffs claim this order is "ultra vires and unauthorized under SB40" and that the Johnson County District Court "improperly modified SB40 and usurped the SB40 delegation of emergency procedures to the Kansas Supreme Court." Doc. 17 at 4. But the propriety of a state court's administrative order is not before this Court. Rather, the issue is whether any state-court procedures compelled Defendants' participation. *See City of Albuquerque*, 864 F.3d at 1099. Here, while the case was pending in state court, Defendants were bound by that court's orders. The order compelled a responsive pleading within 24 hours of receiving the petition. That Blue Valley Defendants complied with that order does not mean they waived their right to remove. Accordingly, the Court finds that the exception to the bright-line rule outlined in *City of Albuquerque* applies, and Plaintiffs' motion to remand based on waiver is denied.[5]

## II.     *Burford* ABSTENTION

The first issue the Court requested supplemental briefing on was the application of the *Burford* abstention doctrine. Under the *Burford* abstention doctrine,

> federal courts must decline to interfere with the proceedings of state administrative agencies when the court is sitting in equity, timely and adequate state-court review is available, and either "there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in

---

[5]  Olathe Defendants argue in their response to the motion to remand that they joined in the notice of removal, and that they never moved to dismiss in state court. Accordingly, the rule in *City of Albuquerque* would not apply to them. *See* Doc. 13 at 2-3. Defendants also argue that Blue Valley Defendants did not waive their right to consent to the removal by Olathe Defendants. As explained above, the Court finds that Blue Valley Defendants did not waive their right to remove under the exception in *City of Albuquerque*, and thus it need not reach this argument.

the case then at bar" or "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Wildgrass Oil & Gas Comm. v. Colorado*, 843 F. App'x 120, 122 (10th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989)). Given the new and novel procedure set forth in SB40, the Court requested additional briefing from the parties regarding the application of the *Burford* doctrine to this case, if any.

Both parties have since confirmed that there are no pending or ongoing state administrative proceedings—a threshold consideration when applying the *Burford* abstention. *See id.* SB40 is not akin to a comprehensive regulatory scheme often seen in *Burford* abstention cases but is instead a provision that establishes certain substantive and procedural rights. But that alone does not warrant abstention. *See New Orleans Pub. Serv.*, 491 U.S. at 362 ("While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy."); *see also Horace Mann Ins. Co. v. Johnson By & Through Johnson*, 953 F.2d 575, 577-78 (10th Cir. 1991). Accordingly, on the current record the Court discerns no grounds to abstain under *Burford*.

**III. SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS**

The second issue the Court sought supplemental briefing on is whether the Court ought to exercise supplemental jurisdiction over the state claims in this case. Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See also Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do

not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."). Once supplemental jurisdiction exists, a court may decline supplemental jurisdiction if an exception under 28 U.S.C. § 1367(c) applies. *Gudenkauf v. Stauffer Commc'ns, Inc.*, 896 F. Supp. 1082, 1084 (D. Kan. 1995).[6]

The Court initially sought additional briefing on whether the Court ought to exercise supplemental jurisdiction over the state claims in this case because the state claims appear to predominate over the federal claims, both in substance and in number. *See* 28 U.S.C. § 1367(c)(2). The Court was also concerned that many of the parties' arguments regarding SB40 raised novel or complex questions of state law that ought to be addressed by the state court in the first instance. *See id.* at § 1367(c)(1). Further, it appeared from an initial reading of the petition that at least some of the claims may not share a common nucleus of operative facts sufficient to form the same case or controversy. *See id.* at § 1367(a).

However, determining whether this Court has or ought to exercise supplemental jurisdiction has been complicated by the dense and confusing allegations in Plaintiffs' petition. Rule 8 requires that pleadings must contain "a short and plain statement" of the claims, along with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The purpose of Rule 8 is to give a defendant fair notice of the claims against it. *Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006). A pleading should not be so lengthy or complex that it places an undue burden on a responding party. *See D.M. by & through Morgan v. Wesley Med. Ctr. LLC*,

---

[6] The Court raised the issue of supplemental jurisdiction sua sponte but permitted the parties an opportunity to brief the issue. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010) (upholding sua sponte determination that state-law claims would dominate over federal claims); *Free the Nipple-Springfield Residents Promoting Equal. v. City of Springfield*, 153 F. Supp. 3d 1037, 1044 n.2 (W.D. Mo. 2015) (noting that "the Court is permitted to raise the issue sua sponte"). The Court also notes that, although Plaintiffs filed a motion to remand, their supplemental brief argues that the Court should retain supplemental jurisdiction over all claims if it does not grant the motion to remand. *See* Doc. 18 at 1.

2018 WL 4222382, at *3 (D. Kan. 2018). Failure to provide a short and plain statement that complies with Rule 8 is sufficient grounds to dismiss a complaint. *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007). This is a matter within the district court's discretion. *Schupper*, 193 F. App'x at 745.

The Court has carefully reviewed Plaintiffs' petition. It is 50 pages and includes 206 numbered paragraphs, as well as other unnumbered narrative paragraphs. There are 24 Plaintiffs asserting 10 claims against 24 Defendants, though only some Plaintiffs sue some Defendants on any given claim. Some claims are ostensibly alleged against multiple Defendants, but only seek relief as to one. *See, e.g.*, Doc. 1-1 at 43 (Equal Protection claim against both Olathe Defendants and Blue Valley Defendants, but only seeking relief based on Blue Valley Defendants' allegedly unequal treatment). One count seeks injunctive relief, presumably against Blue Valley Defendants and Johnson County Defendants, but does not identify the legal basis for the requested relief. *See id.* at 37. Two other claims make vague assertions of violations of the "right to privacy" or "student privacy," without clarifying what law the claim is based on, and without asserting what relief is sought. *Id.* at 21-26.

Additionally, the claims span a wide array of topics, including the school districts' mask policies, the procedures for hearing grievances under SB40, open-records violations, religious freedom, and special-education policies. While all these claims ostensibly have a shared current of dissatisfaction with school policies, Plaintiffs' kitchen-sink approach to pleading has made it particularly difficult for the Court to evaluate whether the state claims form part of the same case or controversy or "derive[] from a common nucleus of operative fact," *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (internal quotation omitted), as the federal claims, which is the first step in determining whether the Court has supplemental jurisdiction. Finally, many of the

paragraphs include multiple sentences, and the petition includes considerable commentary and legal arguments that serve little purpose other than to muddy the waters and garner attention.

While complex pleadings are certainly not unheard of in federal court, it is not job of the Court or the opposing party to sort through a pleading to try to construct a plaintiff's claims. *Schupper*, 193 F. App'x at 746; *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Further, unnecessary "[p]rolixity of a complaint undermines the utility of the complaint." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017). Ultimately, "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. A complaint masquerading as a press release is an apt description of the petition here.

Accordingly, the Court finds that Plaintiffs' petition fails to satisfy Rule 8.[7] Given the early stage of this litigation, however, the Court will permit Plaintiffs the opportunity to amend. But conscious that the issues identified in this order are not repeated, the Court will set some parameters for any amended pleading.

- Any amended complaint is limited to <u>25 pages</u>. Plaintiffs are reminded of Rule 8's requirement that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Plaintiffs should

---

[7] The Court notes that this is not the first time that Plaintiffs' counsel has been cautioned against such pleadings. *See, e.g.*, *Baker v. Hayden*, 2020 WL 1313814, at *3 (Kan. Ct. App. 2020) ("Baker's petition tends to meander to no good effect—it contains 275 paragraphs covering 52 pages and is anything but a 'short and plain statement' of the claims and requested relief as contemplated in K.S.A. 2019 Supp. 60-208(a)(1).").

- refrain from pleading excessive legal arguments or commentary that serves only to muddy the water, as well as vague or collective pleadings that serve only to evade substantive review and perpetuate the problems identified in this order.

- The amended complaint may only assert claims by or against existing parties. The Court will not permit new parties to be added at this stage.

- The amended complaint may only include claims that were pleaded in the original petition. No new claims or causes of action will be permitted at this stage, nor are Plaintiffs permitted to expand claims or seek new forms of relief at this stage.[8]

- The amended complaint should make clear what relief Plaintiffs are seeking on each claim and from each defendant, as well as the legal basis for each claim.

- The amended complaint is limited to claims that Plaintiffs have a good-faith basis for asserting against a non-immune defendant.

- The amended complaint must be filed on or before July 7, 2021. Once filed, Plaintiffs must serve the amended complaint on all Defendants named in the amended complaint. Defendants shall file a responsive pleading or motion to dismiss by July 21, 2021. *See* Fed. R. Civ. P. 15(a)(3).[9]

In light of the forthcoming amended pleading, the Court finds that Blue Valley Defendants' motion to dismiss (Doc. 10) and Johnson County Defendants motion to dismiss (Doc. 22) should be denied as moot and without prejudice to refiling. Likewise, Blue Valley Defendants' motion for extension of time to file an answer (Doc. 21) is also denied as moot. The Court acknowledges the unique procedural considerations surrounding SB40 but cautions against piecemeal pleadings

---

[8] In response to Blue Valley Defendants' supplemental brief suggesting that the policy being challenged had expired, Doc. 25, Plaintiffs filed a supplemental brief alleging that a new policy has been enacted in its place, and making arguments against the alleged new policy, Doc. 26. While the Court questions whether a new policy has been enacted in a document that states "the district no longer has a policy in place related to COVID-19," Doc. 25-1 at 1, the Court notes that any new or subsequent policy is <u>not</u> at issue in this case, and should <u>not</u> be included in any amended complaint.

[9] To the extent any Defendants file motions to dismiss, they are cautioned to raise specific arguments targeted at specific claims in the amended complaint. Generalized motions will not be well-taken.

or motions going forward. Finally, the Court may revisit the issue of supplemental jurisdiction after considering the amended complaint.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiffs' Motion to Remand (Doc. 5) is DENIED.

THE COURT FURTHER ORDERS that *Burford* abstention is not warranted at this time.

THE COURT FURTHER ORDERS that Plaintiffs shall file an amended complaint by July 7, 2021, that complies with the directives in this order. Plaintiffs must serve the amended complaint on all Defendants named in the amended complaint. Defendants shall file a responsive pleading or motion to dismiss by July 21, 2021.

THE COURT FURTHER ORDERS that Blue Valley Defendants' Motion to Dismiss (Doc. 10), Johnson County Defendants' Motion to Dismiss (Doc. 22), and Blue Valley Defendants' Motion for Extension of Time to File Answer (Doc. 21) are DENIED AS MOOT and WITHOUT PREJUDICE.

THE COURT FURTHER ORDERS that the stay previously imposed (Doc. 24) is LIFTED.

IT IS SO ORDERED.

Dated: June 23, 2021 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE