IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI E. BAKER, et al.,

    Plaintiffs,

    v.

BLUE VALLEY SCHOOL DISTRICT USD 229, et al.,

    Defendants.

Case No. 2:21-cv-02210-HLT-TJJ

## MEMORANDUM AND ORDER

Plaintiffs, a group of parents and children, originally filed this case in state court. The claims are primarily based on a recently enacted Kansas law known as Senate Bill 40 ("SB40"), which provides for expedited review—both administratively and judicially—of school district COVID-19 policies. There are several defendants that fall into four categories: the Olathe School District, the Blue Valley School District, Johnson County, and the Tenth Judicial District. The state-court petition originally asserted ten counts, including privacy claims, SB40 claims, religious-freedom claims, equal-protection claims under state and federal constitutions, and Kansas open-records claims.

Shortly after the case was filed in state court, Blue Valley Defendants moved to dismiss. The next day, Blue Valley and Olathe Defendants removed the case to federal court. Doc. 1. The basis for removal was that this Court has federal-question jurisdiction over the claims asserted under the United States Constitution and supplemental jurisdiction over all state-law claims under 28 U.S.C. § 1367. *Id.* at 4-5. Plaintiffs promptly moved to remand based on waiver. Doc. 5.

The Court issued an order that expedited briefing on the motion to remand and requested supplemental briefing on some additional issues, including whether the Court has and should

exercise supplemental jurisdiction over the state-law claims. Doc. 12. The parties subsequently briefed the motion to remand and provided the requested supplemental briefing. The Court then denied the motion to remand. Plaintiffs' motion was based on waiver, namely that Blue Valley Defendants waived the right to remove by filing a motion to dismiss in state court before removing the case. The Court disagreed, finding that the unique circumstances of this case warranted application of an exception to the "bright-line rule" against removal after a motion to dismiss is filed in state court. *See* Doc. 27 at 2-5 (discussing *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017)).

On the issue of supplemental jurisdiction, the Court noted that it had serious concerns about whether it ought to exercise supplemental jurisdiction over Plaintiffs' state-law claims, particularly because they did not all share a common nucleus of operative facts and because many raised novel questions of state law, which would predominate over the federal claims. *Id.* at 7. But the determination was complicated by the fact that the state-court petition did not comply with Rule 8's direction that pleadings contain "a short and plain statement" of the claims, along with allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2), (d)(1).

Generally, Plaintiffs' state-court petition was lengthy, dense, and asserted a wide variety of claims by and against various subsets of the parties and did not clearly indicate what relief was sought against who and under what legal authority. Accordingly, the Court found that Plaintiffs' petition failed to satisfy Rule 8 and ordered Plaintiffs to file an amended compliant under certain parameters. Doc. 27 at 8-10. The Court also denied the pending motions to dismiss as moot and without prejudice to refiling after Plaintiffs filed their amended complaint. *Id.* at 11. Importantly, the Court noted it may revisit the issue of supplemental jurisdiction after considering the amended

complaint. *Id.* The Court also previously noted that the supplemental-jurisdiction analysis would be straightforward if the federal claims were dismissed. Doc. 12 at 3 n.3.

Plaintiffs filed their amended complaint within a day of the Court's order.[1] Doc. 28. The Court has reviewed the amended complaint. It appears that Plaintiffs have eliminated all claims based on federal law.[2]

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See also Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."). Once supplemental jurisdiction exists, a court may decline supplemental jurisdiction if an exception under 28 U.S.C. § 1367(c) applies. *Gudenkauf v. Stauffer Commc'ns, Inc.*, 896 F. Supp. 1082, 1084 (D. Kan. 1995).

Declining supplemental jurisdiction is a matter within a court's discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."); *Harshman*, 379 F.3d at 1165 ("Even where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties. . . . [T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion.").[3]

---

[1] The order allowed two weeks for revision and filing of the amended complaint. Doc. 27 at 11.

[2] Defendants have jointly moved to stay the responsive-pleading deadline, also noting that the amended complaint has eliminated all federal claims. Doc. 29 at 1.

[3] Supplemental jurisdiction must first exist before it can be declined, meaning that the state-court claims must form part of the same case or controversy and "derive[] from a common nucleus of operative fact" as the federal claims. *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (internal quotation omitted). As the Court previously noted, Plaintiffs' claims shared a similar theme of dissatisfaction with school-district COVID-19 policies, though it was difficult to determine whether they shared a common nucleus of operative facts as the federal claims. Doc.

Under § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim" under the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In deciding whether to exercise supplemental jurisdiction, a court also considers judicial economy, convenience, and fairness. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013).

At the time the case was removed, the then-operative state-court petition contained two federal claims, specifically, two equal-protection claims under both the state and federal constitutions. Doc. 1-1 at 43-47. This gave the Court subject-matter jurisdiction under 28 U.S.C. § 1331, which gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

But Plaintiffs have omitted those federal constitutional claims from the amended complaint. Plaintiffs continue to assert equal-protection claims, but only under the Kansas Bill of Rights. *See* Doc. 28 at 16-20. Beyond that, Plaintiffs assert several claims invoking SB40, the Kansas Preservation of Religious Freedom Act, Kansas open-meetings and open-records laws, and statutory "right to privacy" and "student privacy" violations, ostensibly relying on state statutes. *See generally id.*

---

27 at 8. However, as discussed below, because all the federal claims have been dismissed by Plaintiffs, the Court will exercise its discretion to decline supplemental jurisdiction over the state-law claims for that reason. It will therefore assume without deciding that the state-law claims were properly within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a).

4

"The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020). Dismissing or remanding state-law claims is especially appropriate where federal claims are dismissed early in the litigation and the remaining claims present novel questions of state law. *Id.* at 1238-39.

Here, all federal claims have been dismissed. The litigation is still in the early stages. This counsels in favor of remanding the case to state court. The Court additionally notes that many of Plaintiffs' remaining claims implicate SB40, which is a new and novel state law with very unique procedural requirements. Plaintiffs' claims also invoke various other state laws with regard to COVID-19 policies that will likely also present questions of first impression under state law. Given these considerations, the Court finds that at least two exceptions under 28 U.S.C. § 1367(c) apply, and judicial economy, convenience, and fairness, *see Wittner*, 720 F.3d at 781, counsel in favor of declining to exercise supplemental jurisdiction over Plaintiffs' amended complaint.

THE COURT THEREFORE ORDERS that this case is REMANDED to the District Court of Johnson County, Kansas. The Court directs the Clerk of Court to take all necessary steps to effectuate this remand.

THE COURT FURTHER ORDERS that Defendants' Joint Motion to Stay Deadline (Doc. 29) is DENIED AS MOOT AND WITHOUT PREJUDICE. The Court will defer to the state court in setting any applicable deadlines for responsive pleadings.

IT IS SO ORDERED.

Dated: July 15, 2021                    /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE